

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00305-CV

TITLEMAX OF TEXAS, INC., APPELLANT

V.

CITY OF AUSTIN, APPELLEE

On Appeal from the 250th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-20-003055, Honorable Lora J. Livingston, Presiding

May 11, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, TitleMax of Texas, Inc., sought declaratory and injunctive relief against appellee, the City of Austin, relating to a city ordinance designed to regulate the credit-

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

service activities of companies such as TitleMax. TitleMax appeals the trial court's order granting the City's plea to the jurisdiction. We reverse and remand.

On July 30, 2020, the City passed an ordinance amending Austin City Code Chapter 4-12, which established substantive regulations, including fee limits, on unsecured credit service organizations transactions; extended existing regulations on credit access businesses to apply to credit service organizations; limited the terms of repayment of these transactions to no more than four payments; and imposed criminal fines to enforce the provisions of the ordinance. TitleMax filed a suit for declaratory and injunctive relief alleging that the ordinance is preempted by state law, violates TitleMax's due process and due course of law rights, impairs its existing contracts, and violates its right to equal protection under the law. The City filed a plea to the jurisdiction alleging that the ordinance is a penal law that cannot be challenged in a civil court. After hearing the parties' arguments, the trial court granted the City's plea and dismissed TitleMax's lawsuit. TitleMax timely filed the instant appeal.

While this appeal was pending, the Texas Supreme Court decided the case of *Texas Propane Gas Association v. City of Houston*, No. 19-0767, 2021 Tex. LEXIS 302, at \*21 (Tex. Apr. 16, 2021). By this opinion, the Supreme Court held that a law that contains both civil and criminal aspects can be challenged in a civil court if the "essence" of the law is civil. *Id.* at \*15-17. In response to the *Texas Propane Gas Association* opinion, TitleMax filed a letter brief contending that the opinion was dispositive of the jurisdictional issue presented in this appeal. We requested a response from the City. The City's response conceded that the "essence" of this case is civil and, therefore, the trial

court had jurisdiction to decide the merits of the case.  We agree that the decision in *Texas Propane Gas Association* is dispositive of the issue in this case.

Consequently, we vacate the trial court's November 17, 2020 order granting plea to the jurisdiction and remand the case to the trial court for further proceedings.

Per Curiam